UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DANIEL DEAVILA and                                    Case No. DG 07-03609
YADIRA E. DEAVILA,                                    Hon. Scott W. Dales
                                                      Chapter 13
                    Debtors.
_____/

MEMORANDUM OF OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

On August 22, 2007, the court entered an Order confirming the Chapter 13 Plan of

Debtors Daniel and Yadira DeAvila (the "Debtors").  After confirmation, the Debtors performed

in conformance with the plan but eventually had difficulty making the payments required to keep

current on their mortgage obligations to creditor M&I Bank ("Creditor").  The Creditor sought

and obtained relief from the automatic stay to pursue its state law remedies including,

presumably, foreclosure.  Nine months later, the Debtors proposed to amend their plan to

surrender the mortgaged premises to the Creditor, to reduce plan payments, and to reduce the

dividend to unsecured creditors.  The Debtors served their proposed amendment on the Creditor

and other interested parties included on the matrix, and the proposed amendment drew no

objection.  The Debtors then presented a proposed order approving the amendment.[1]

_____

[1] Under 11 U.S.C. § 1329(b)(2), an order approving the amendment is not strictly necessary because the statute provides that "the plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." Nevertheless, according to the custom in our district, after notice and an opportunity for a hearing, the court usually enters an order in effect acknowledging that the amendment drew no objection and therefore stands as the plan.

In *In re Nolan,* 232 F.3d 528 (6th Cir. 2000), the United States Court of Appeals for the Sixth Circuit interpreted 11 U.S.C. § 1329 as authorizing post-confirmation plan amendments only in limited circumstances:

> We hold that a debtor cannot modify a plan under section 1329(a) by: 1) surrendering the collateral to a creditor; 2) having the creditor sell the collateral and apply the proceeds toward the claim; and 3) having any deficiency classified as an unsecured claim. . . . Section 1329(a) only permits modification of the *amount* and *timing of payments*, not the total amount of the *claim*. This principle holds true as to the portion of a claim that is secured, where the claim is partially instead of fully secured.

*Nolan*, 232 F.3d at 535 (original emphasis).  In view of *Nolan*, and because the amendment proposed to surrender collateral, the court set the Debtors' unopposed plan amendment for hearing, which it held on June 2, 2010 in Grand Rapids, Michigan.

At the hearing, Debtors' counsel and Chapter 13 Trustee's counsel reminded the court that no creditor had objected to the proposed amendment despite proper service under Rule 2002. The court finds the absence of objection significant but not dispositive.  As the court explained at the hearing, the recent Supreme Court opinion in *United Student Aid Funds, Inc. v. Espinosa,* __ *U*.S. __,  130 S.Ct. 1367 (2010), does not stand for the proposition that courts may confirm chapter 13 plans (or approve amendments) in the absence of objection.  Rather, *Espinosa* stands for the more limited proposition that a confirmed plan is binding on all parties-in-interest, provided the plan proponent afforded such parties adequate notice, consistent with the Due Process Clause of the United States Constitution -- even if the plan violates the Bankruptcy Code in some particulars.  Indeed, the Supreme Court admonished bankruptcy courts to scrutinize proposed plans for conformity with the Code even in the absence of objection.  For example, with respect to the practice of discharging student loans by declaration in a plan, the Supreme

Court pointedly noted that "[f]ailure to comply with this self-executing requirement [of determining undue hardship] should prevent confirmation of the plan even if the creditor fails to object, or to appear in the proceeding at all." *See Espinosa*, __ U.S. at __, 130 S.Ct. at 1380-81. In view of *Espinosa* and *Nolan*, the court was initially inclined to withhold its approval of the proposed amended plan. With the benefit of oral argument, however, the court has determined under the circumstances of this case to approve the amendment.

The Debtors' Chapter 13 plan as confirmed (DN 35), simply called upon the Debtors to make payments directly to the Creditor, and consistent with 11 U.S.C. § 1322(b)(2), did not modify the Creditor's rights in any way. Their proposed amendment, which provides for surrender of the collateral to the Creditor, does not modify the Creditor's rights either, because the plan preserved the Creditor's lien and the proposed surrender is completely consistent with the lien and the Creditor's rights as mortgagee. Nor, for that matter, does the proposed amendment purport to reclassify the Creditor's claim from secured to unsecured; it is silent on that score. Accordingly, it does not appear that the amendment affects unsecured creditors (at least insofar as it relates to the court's concerns under *Nolan*).[2] At oral argument, Debtor's counsel described the amendment as simply acknowledging that the plan no longer provides for the Creditor's claim. Because the original plan did not really provide for the Creditor's claim in the first place (except by indicating that the Debtors would make payments "outside the plan"), and because the Debtors and the Chapter 13 Trustee have addressed the court's concerns under *Nolan,* the court will approve the amendment.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtors' proposed amended plan (DN 60) is APPROVED.

---

[2] The amendment does reduce plan payments and the dividend to unsecured creditors, but not as a consequence of adding the Creditor's deficiency claim to the unsecured class. This does not offend *Nolan*, which distinguished between permissible modifications of payment rights and impermissible modification of claims. *Nolan*, 232 F.3d at 535.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon all parties appearing on the matrix.

END OF ORDER

**IT IS SO ORDERED.**      Scott W. Dales
United States Bankruptcy Judge   **Dated: June 04, 2010**